SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------x
PROSPECT AUTO SALES AND REPAIRS, INC.,

Plaintiffs,

-against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Defendant.
--------------------------------------------------------------------x

INDEX NO:

SUMMONS

Plaintiff designates
BRONX County
as the place of trial
Basis of venue is
Plaintiffs residence

To the above named defendant:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer, judgment will be taken against you by default for the relief demanded herein.

Defendant's address:
State Farm Mutual Automobile Insurance Company
c/o New York Department of Financial Services
1 Commerce Plaza
Albany, NY 12210

Dated: June 12, 2024

*Anthony J. Mamo, Jr., Esq.*
The Law Offices of Anthony J. Mamo, Jr., PC
By: Anthony J. Mamo, Jr., Esq.
*Attorneys for Plaintiff*
47 Beekman Avenue, Suite 103
Sleepy Hollow, NY 10591
(914) 631-5050
Fax (914) 703-6466
mamolaw@outlook.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

INDEX NO:

------------------------------------------------------------------------X
PROSPECT AUTO SALES AND REPAIRS, INC.,

Plaintiffs,

-against-

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Defendant.
------------------------------------------------------------------------X

VERIFIED COMPLAINT

Plaintiff, PROSPECT AUTO SALES & REPAIRS, INC., by their attorneys, THE LAW OFFICES OF ANTHONY J. MAMO, JR., PC., as and for their Verified Complaint herein, alleges as follows:

**THE PARTIES**

1. At all times herein set forth, Plaintiff, PROSPECT AUTO SALES & REPAIRS INC., (Hereinafter "PROSPECT AUTO" or "Plaintiff") was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains an office for the conduct of its business at 3313 Laconia Avenue, in the City of New York, County of Bronx and State of New York.

2. At all times herein set forth, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "STATE FARM" or "DEFENDANT") is an Illinois Corporation and Insurance Company that does business throughout the State of New York including in BRONX County and who has appointed the Superintendent of Insurance of the State of New York as its attorney in New York to accept service of process in any proceeding on a contract issued in New York.

## THE FACTS

3. Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" and "2" of this Complaint with the same force and effect as if set forth fully at length herein.

4. At all times herein set forth, PROSPECT AUTO is an automobile collision repair facility located at 3313 Laconia Avenue in the Bronx, New York, and is registered as a motor vehicle repair shop in accordance with Article 12-A of the Vehicle and Traffic Law of the State of New York and has been issued Facility Identification Number 7027477.

5. At all times herein set forth, PROSPECT AUTO was and is a "Certified" automobile collision repair facility for such automobile manufacturers as Jaguar-Land Rover, Tesla, Audi-Volkswagen, Maserati, Mercedes-Benz, Alfa Romeo and the FCA brands including Jeep, Chrysler, Dodge and Fiat.

6. At all times herein set forth, as part of its business practice, PROSPECT AUTO enters into agreements with its customers to repair vehicles that are owned or leased buy its customers and that have been damaged because of being involved in motor vehicle accidents.

7. At all times herein set forth and for a period of years prior to May of 2024, PROSPECT AUTO had developed long standing business relationships with various automobile dealerships who would refer damaged automobiles to PROSPECT AUTO for repairs by PROSPECT AUTO including vehicles that were insured by STATE FARM and other automobile insurers. These automobile dealerships include but are not limited to Audi of Hawthorne New York, Jaguar Land Rover of New Rochelle New York, Lexus of Greenwich Connecticut, BMW of Mount Kisco New York, Infinity of Greenwich Connecticut, Audi of Danbury Connecticut, and Chrysler Jeep of Manhattan.

8. At all times herein set forth and for a period of years prior to May of 2024, STATE FARM was aware that PROSPECT AUTO had developed long standing business relationships with various automobile dealerships who would refer damaged automobiles to PROSPECT AUTO for repairs by PROSPECT AUTO including vehicles that were insured by STATE FARM and other automobile insurers. These automobile dealerships include but are not limited to Audi of Hawthorne New York, Jaguar Land Rover of New Rochelle New York, Lexus of Greenwich Connecticut, BMW of Mount Kisco New York, Infinity of Greenwich Connecticut, Audi of Danbury Connecticut, and Chrysler Jeep of Manhattan.

9. At all times herein set forth and for a period of years prior to May of 2024, STATE FARM was aware that PROSPECT AUTO had developed long standing business relationships with various Tesla Service Centers in PROSPECT AUTO's area and that PROSPECT AUTO was listed on these Service Center's website as a "Certified" Tesla repair shop.

10. At all times herein set forth and for a period of years prior to May of 2024, STATE FARM was aware that PROSPECT AUTO, was receiving numerous monthly referrals for the repair of damaged motor vehicles from these automobile dealerships and from the Tesla Service Center website including but not limited to vehicles either insured by STATE FARM or vehicles involved in accidents with STATE FARM insureds.

11. At all times herein set forth, PROSPECT AUTO's customers are either individuals who have contacted PROSPECT AUTO directly or have been referred to PROSPECT AUTO by the various Automobile Dealerships located in Westchester County as well Greenwich, Danbury, Ridgefield, Connecticut and the City of New York as indicated above.

12. At all times herein set forth, whether a customer is a private customer, or a dealer referred customer, every customer enters into a written agreement with PROSPECT AUTO for the repair of their vehicle. This agreement is called a "Repair Authorization".

13. At all times herein set forth, whether a customer is a private customer or a dealer referral, customer, every customer signs a "Designated Representative Authorization" which gives PROSPECT AUTO the authority to negotiate the cost of the repair with the customers insurer or the insurer for any third-party that may accept liability for the damages to the vehicle.

14. At all times herein set forth, whether a customer is a private customer, or a dealer referred customer, every customer signs a "Direction to Pay" agreement which directs the insurer to make the payment for the repair of the vehicle directly to PROSPECT AUTO.

15. At all times herein set forth, whether a customer is a private customer, or a dealer referred customer, every customer signs an "Assignment of Claims for Money Due" agreement which assigns PROSPECT AUTO the right to seek payment from either the customer's insurer or the insurer of the third-party should the insurer either refuse to negotiate the claim with PROSPECT AUTO or should the insurer refuse to make payment sufficient to restore the vehicle to its pre-accident condition.

16. The use of the "Repair Authorization", "Designated Representative Authorization" and "Direction to Pay" agreements by PROSPECT AUTO is required by New York Regulation 11 NYCRR 216.

17. At all times herein set forth, in all instances involving insurance companies, once a customer has signed the "Repair Authorization", "Designated Representative Authorization", "Direction to Pay" and "Assignment of Claims for Money Due", PROSPECT AUTO notifies the insurer of the automobile or if it is a 3rd party claim, the insurer of the party that caused the damage

to the motor vehicle, that the vehicle is available for inspection at PROSPECT AUTO within regular business hours, inspects the customers damaged motor vehicle, prepares an "Estimate of Repair", negotiates the manner of repair and the cost of same with the involved insurer and then performs and completes the repair of the damaged motor vehicle before receiving payment for the repairs from the insurer.

18. At all times herein set forth, STATE FARM was and is an automobile insurance company engaged in the business of issuing policies of insurance insuring motor vehicle owners and their vehicles in the State of New York.

19. At all times herein set forth, STATE FARM was aware of the contractual and business relationship between its insureds and PROSPECT AUTO as well as the contractual and business relationship between claimant's making claims against STATE FARM insureds and PROSPECT AUTO.

20. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with the various Laws and Regulations of the State of New York that govern the way insurers are required to conduct themselves when resolving automobile damage claims.

21. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with New York Insurance Law Section 2610 (a) which states that "Whenever a motor vehicle collision or comprehensive loss shall have been suffered by an insured, no insurer providing collision or comprehensive coverage therefor shall require that repairs be made to such vehicle in a particular place or shop or by a particular concern".

22. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with New York Insurance Law Section 2610 (b)

which states that "In processing any such claim (other than a claim solely involving window glass), the insurer shall not, unless expressly requested by the insured, recommend or suggest repairs be made to such vehicle in a particular place or shop or by a particular concern".

23. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with New York Insurance Law Section 2610 (c) which states that the insurer "shall provide (other than a claim solely involving window glass) a copy of its repair estimate to the insured that includes the following disclosure, plainly printed in no less than 12 point type:" "PURSUANT TO <u>SECTION 2610 OF THE INSURANCE LAW</u>, AN INSURANCE COMPANY CANNOT REQUIRE THAT REPAIRS BE MADE TO A MOTOR VEHICLE IN A PARTICULAR PLACE OR REPAIR SHOP. YOU HAVE THE RIGHT TO HAVE YOUR VEHICLE REPAIRED IN THE SHOP OF YOUR CHOICE".

24. At all times herein set forth, STATE FARM'S website states: "You can choose any shop you like to repair your vehicle's damage".

25. At all times herein set forth, nothing in the Laws or Regulations of the State of New York restricts an individual from having his or her damaged motor vehicle inspected and repaired by a motor vehicle repair shop of his or her choosing and nothing in the Laws or Regulations of the State of New York restricts an individual from requiring that the insurer accepting responsibility for the payment of repairs to his or her damaged motor vehicle pay the individual's chosen repair shop for the work they performed in repairing the damaged vehicle and returning it to its pre-accident condition.

26. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with New York Insurance Law Section 2601 which

establishes the guidelines for what is deemed to be unfair claims settlement practices in the State of New York.

27. At all times herein set forth, STATE FARM, like all automobile insurer's doing business in the State of New York, is required to comply with New York Regulation 64 (11 NYCRR Part 216 et. seq.) which sets forth the standards that insurers must comply with when investigating and settling automobile property damage insurance claims.

28. At all times herein set forth, STATE FARM has established a service for its insureds and others that STATE FARM calls its "Selective Service" Program which is an internal program wherein STATE FARM sends damaged vehicles to collision repair shops that have entered into contractual relationships with STATE FARM to repair vehicles at reduced costs to STATE FARM in exchange for receiving a volume of business from STATE FARM.

29. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, PROSPECT AUTO, was hired by the following customers to repair vehicles that were either insured by STATE FARM, or were 3rd Party Claimants making claims against STATE FARM insureds namely, Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams and annexed hereto and made a part hereof as Exhibit "1" are the fully executed "Repair Authorization", "Designated Representative Authorization", "Direction to Pay" and "Assignment of Claims for Money Due" Agreements for these customers which form contracts of repair between PROPECFT AUTO and these customers.

30. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM, was notified by PROSPECT AUTO that the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis

Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams were available for inspection by STATE FARM at PROSPECT AUTO's business located at 3313 Laconia Avenue, Bronx New York.

31. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM acknowledged that it had a responsibility to inspect the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, and in fact STATE FARM established "Claim Numbers" for each of the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams that were made available for inspection at PROSPECT AUTO.

32. At all times herein set forth, and specifically between but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM communicated to Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams and to the various automobile dealerships identified herein that had referred these customers to PROSPECT AUTO that STATE FARM a) does not inspect damaged vehicles that are located at PROSPECT AUTO; b) that STATE FARM does not pay for vehicles that are repaired by PROSPECT AUTO; c) that STATE FARM does not have a business relationship with PROSPECT AUTO; d) that STATE FARM is not required to honor the individual's right to have his or her vehicle repaired at a repair shop of his or her choosing; e) that PROSPECT AUTO is not a quality repair shop; f) that PROSPECT AUTO does not work with STATE FARM and g) that in order to have their vehicle's repairs paid for by STATE FARM, the vehicle must be removed from PROSPECT AUTO and taken to a repair facility that has been

recommended by STATE FARM all of which are in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

33. At all times herein set forth, and specifically but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM refused to send appraisers to PROSPECT AUTO to inspect damaged vehicles and refused to negotiate the manner and cost of repairs of the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown, and Oryce Williams, thereby misleading its insureds, 3rd party claimants and consumers at large into believing that PROSPECT AUTO is incapable of repairing vehicles that are insured by STATE FARM and other insurers in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

34. At all times herein set forth, and specifically but not limited to the time period between May 1, 2024 and the present, STATE FARM continues to communicate to its insured's as well as to individuals making claims against STATE FARM insureds and to the various automobile dealerships identified herein that had referred these customers to PROSPECT AUTO, that STATE FARM a) does not inspect damaged vehicles that are located at PROSPECT AUTO; b) that STATE FARM does not pay for vehicles that are repaired by PROSPECT AUTO; c) that STATE FARM does not have a business relationship with PROSPECT AUTO; d) that STATE FARM is not required to honor the individual's right to have his or her vehicle repaired at a repair shop of his or her choosing; e) that PROSPECT AUTO is not a quality repair shop; f) that PROSPECT AUTO does not work with STATE FARM and g) that in order to have their vehicle's repairs paid for by STATE FARM, the vehicle must be removed from PROSPECT AUTO and taken to a repair facility

that has been recommended by STATE FARM all of which are in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

35. At all times herein set forth, and specifically but not limited to the time period between May 1, 2024 and the present, STATE FARM continues to refuse to send appraisers to PROSPECT AUTO to inspect damaged vehicles and continues to refuse to negotiate the manner and cost of repairs of damaged vehicles with PROSPECT AUTO thereby misleading its insureds, 3rd party claimants and consumers at large into believing that PROSPECT AUTO is incapable of repairing vehicles that are insured by STATE FARM and other insurers in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

**AS AND FOR A FIRST CAUSE OF ACTION**
**(New York State General Business Law Section 349 *et. seq.*)**

36. Plaintiff hereby repeats and realleges the allegations set forth in paragraphs 1 through 35 set forth hereinabove, as if same were fully set forth herein.

37. Commencing on or about May 1, 2024 and continuing to the present time, the Defendant, STATE FARM, through its agents, employees and servants has made misrepresentations to its insureds, 3rd party claimants, the various automobile dealerships identified herein and the public at large that are likely to mislead a reasonable consumer into believing that he or she does not have the right to have his or her damaged motor vehicle repaired at the collision repair shop of his or her choice including specifically but not limited to PROSPECT AUTO and that PROSPECT AUTO is not a good and reputable collision repair shop.

38. At all times herein set forth, the knowing and intentional misrepresentations communicated by STATE FARM to their insured's, 3rd party claimants, the various automobile dealerships

identified herein and others includes but is not limited to stating a) that STATE FARM does not inspect damaged vehicles that are located at PROSPECT AUTO; b) that STATE FARM does not pay for vehicles that are repaired by PROSPECT AUTO; c) that STATE FARM does not have a business relationship with PROSPECT AUTO; d) that STATE FARM is not required to honor the individual's right to have his or her vehicle repaired at a repair shop of his or her choosing; e) that PROSPECT AUTO is not a quality repair shop; f) that PROSPECT AUTO does not work with STATE FARM and g) that in order to have their vehicle's repair paid for by STATE FARM, the vehicle must be removed from PROSPECT AUTO and taken to a repair facility that has been recommended by STATE FARM.

39. At all times herein set forth, the knowing and intentional misrepresentations communicated by STATE FARM to their insured's, 3rd party claimants, the various automobile dealerships identified herein and others which includes but is not limited to advising their insured's, 3rd party claimants and others that STATE FARM a) does not inspect damaged vehicles that are located at PROSPECT AUTO; b) that STATE FARM does not pay for vehicles that are repaired by PROSPECT AUTO; c) that STATE FARM does not have a business relationship with PROSPECT AUTO; d) that STATE FARM is not required to honor the individual's right to have his or her vehicle repaired at a repair shop of his or her choosing; e) that PROSPECT AUTO is not a quality repair shop; f) that PROSPECT AUTO does not work with STATE FARM and g) that in order to have their vehicle's repairs paid for by STATE FARM, the vehicle must be removed from PROSPECT AUTO and taken to a repair facility that has been recommended by STATE FARM are each separately and together a violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

40. At all times herein set forth, STATE FARM knowingly and intentionally refused to send appraisers to PROSPECT AUTO to perform inspections of damaged vehicles that were either owned by STATE FARM insureds or owned by 3rd Party claimants making claims against STATE FARM and refused to negotiate the manner and costs of repair to those damaged vehicles that were either owned by STATE FARM insureds or owned by 3rd Party claimants making claims against STATE FARM.

41. At all times herein set forth, STATE FARM's knowing and intentional refusal to send appraisers to PROSPECT AUTO to perform inspections of damaged vehicles that were either owned by STATE FARM insureds or owned by 3rd Party claimants making claims against STATE FARM and STATE FARM's knowing and intentional refusal to negotiate the manner and costs of repair to those damaged vehicles that were either owned by STATE FARM insureds or owned by 3rd Party claimants making claims against STATE FARM are each separately and together a violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

42. At all times herein set forth, STATE FARM's knowing and intentional misrepresentations and actions have and continue to mislead their insureds, 3rd Party claimants making claims against STATE FARM, the various automobile dealerships identified herein and the public at large into the belief that PROSPECT AUTO is not a legitimate collision repair facility.

43. At all times herein set forth, STATE FARM's knowing and intentional misrepresentations have and continue to result in materially deceptive practices designed to, and which have, and will continue to, mislead STATE FARM insureds, 3rd Party claimants making claims against STATE FARM, the various automobile dealerships identified herein and the public at large into the belief

that they do not have a choice as to what collision repair facility they wish to repair their damaged motor vehicle.

44. At all times herein set forth, STATE FARM's knowing and intentional misrepresentations have and continue to result in STATE FARM insureds and 3rd Party claimants having their vehicles repaired at collision repair facilities that have entered into contractual relationships with STATE FARM to repair vehicles at reduced costs to STATE FARM in exchange for receiving a volume of business from STATE FARM.

45. At all times herein set forth, STATE FARM's knowing and intentional misrepresentations have and continue to result in PROSPECT AUTO receiving fewer customers in the form of fewer automobile dealership referred customers and fewer independent customers.

46. At all times herein set forth, the deceptive misrepresentations and actions made and taken by STATE FARM have caused injury to the public at large while simultaneously benefitting STATE FARM.

47. At all times herein set forth, the deceptive misrepresentations and actions made and taken by STATE FARM have caused injury to PROSPECT AUTO while simultaneously benefitting STATE FARM.

48. At all times herein set forth, each separate act and action taken by STATE FARM, constitutes a separate violation of New York General Business Law Section 349 and 349(h).

49. That by reason of the foregoing, the Plaintiff, PROSPECT AUTO, has been damaged and injured in its business and property in an amount to be determined at trial, but believed to be in excess of $1,000,000.00 plus interest.

50. That by reason of the foregoing, the Plaintiff, PROSPECT AUTO, is entitled to an award against STATE FARM of its damages, interest and reasonable attorneys' fees pursuant to GBL Section 349(h).

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Tortious Interference with Contract)**

51. Plaintiff hereby repeats and alleges the allegations set forth in paragraphs 1 through 50 set forth hereinabove, as if same were fully set forth herein.

52. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, PROSPECT AUTO, entered into motor vehicle repair agreements with Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams who were either insured by STATE FARM or were 3rd Party Claimants making claims against STATE FARM insureds.

53. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM, was aware that Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams had entered into repair agreements with PROSPECT AUTO and had selected PROSPECT AUTO as their repair shop of choice pursuant to New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216).

54. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, PROSPECT AUTO advised STATE FARM that the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams were available for inspection by STATE FARM at PROSPECT AUTO's business located at 3313 Laconia Avenue, Bronx, New York.

55. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, STATE FARM acknowledged that the subject vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, were available for inspection by STATE FARM at PROSPECT AUTO and that STATE FARM had a responsibility to inspect the damaged vehicles located at PROSPECT AUTO and in fact STATE FARM established "Claim Numbers" for each of the damaged vehicles in order to process the claims made by the vehicle owners.

56. At all times herein set forth and particularly but not limited to the time period between May 1, 2024 and June 10, 2024, and despite the fact that STATE FARM was aware of the repair agreements between PROSPECT AUTO and Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, STATE FARM communicated to Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, that STATE FARM a) does not inspect damaged vehicles that are located at PROSPECT AUTO; b) that STATE FARM does not pay for vehicles that are repaired by PROSPECT AUTO; c) that STATE FARM does not have a business relationship with PROSPECT AUTO; d) that STATE FARM is not required to honor the individual's right to have his or her vehicle repaired at a repair shop of his or her choosing; e) that PROSPECT AUTO is not a quality repair shop; f) that PROSPECT AUTO does not work with STATE FARM and g) that in order to have their vehicle's repair paid for by STATE FARM, their vehicles must be removed from PROSPECT AUTO and taken to a repair facility that has been recommended by STATE FARM all of which are in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq) and which caused Richard

Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams to terminate their repair agreements with PROSPECT AUTO and to have their vehicles repaired by collision repair shops that are part of STATE FARM's "Selective Service" program.

57. At all times herein set forth, and specifically but not limited to the time period between May 1, 2024 and June 10, 2024 and continuing, STATE FARM refused to send appraisers to PROSPECT AUTO to inspect the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown, and Oryce Williams, and refused to negotiate the manner and cost of repairs of the damaged vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown, and Oryce Williams, both of which are in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq) and which caused Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams to either terminate their repair agreements with PROSPECT AUTO and have their vehicles repaired by collision repair shops that are part of STATE FARM's "Selective Service" program or to terminate their repair agreements with PROSPECT AUTO and have their vehicles repaired at a shop that is not PROSEPCT AUTO.

58. At all times herein set forth, and specifically but not limited to the time period between May 1, 2024 and June 10, 2024 and continuing, had STATE FARM not interfered with the repair agreements between PROSPECT AUTO and Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, by a) communicating false and misleading information about PROSPECT AUTO;

b) refusing to inspect the vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams; and c) refusing to negotiate the manner and cost of repairs of the vehicles owned by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, with PROSPECT AUTO, PROSPECT AUTO would have repaired the subject vehicles in accordance with their agreements with the vehicle owners and would have profited accordingly.

59. As a result of STATE FARM procuring the breach of the repair agreements by Richard Hitzel, Virendra Juthani, Emilia Malpeso/Christopher Buettner, Francis Ayisi, Otham Awad, Anton Porter, Mikhail Brown and Oryce Williams, PROSPECT AUTO has been damaged in an amount to be determined at trial but believed to be in excess of $1,000,000.00 plus interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
***(Tortious Interference with Prospective Economic Advantage)***
***(Tortious Interference with Business Advantage)***

60. Plaintiff hereby repeats and alleges the allegations set forth in paragraphs 1 through 59 set forth hereinabove, as if same were fully set forth fully herein.

61. At all times herein set forth, STATE FARM's actions as set forth hereinabove constitute Tortious Interference with Prospective Business Advantage and Tortious Interference with Prospective Economic Advantage of the Plaintiff, PROSPECT AUTO.

62. At all times herein set forth, STATE FARM's actions as set forth hereinabove were intentional and designed specifically to interfere with PROSPECT AUTO's ability to repair automobiles that were either referred to PROSPECT AUTO by the various automobile dealerships identified herein or were independently obtained by PROSPECT AUTO and who were either

insured by STATE FARM or were owned by individuals making claims against STATE FARM insureds.

63. At all times herein set forth, STATE FARM's actions as set forth hereinabove were done solely out of malice toward PROSPECT AUTO.

64. At all times herein set forth, STATE FARM's actions as set forth hereinabove were done by wrongful means and in violation of New York Insurance Law Section 2610, New York Insurance Law Section 2601 and New York Regulation 64 (11 NYCRR Part 216 et. seq).

65. At all times herein set forth, STATE FARM's actions as set forth hereinabove interfered with PROSEPCT AUTO's business relationships with the various automobile dealerships identified herein as well as with its customers for the sole purpose of harming the PROSPECT AUTO.

66. That STATE FARM is liable to PROSPECT AUTO for the damages sustained by PROSEPCT AUTO as a result of STATE FARM's misconduct.

67. That STATE FARM's actions were a substantial factor in preventing PROSPECT AUTO from maintaining its business relationships with the various automobile dealerships identified herein as well as with its customers.

68. That the actions of STATE FARM constitute wrongful means and tortious interference with PROSPECT AUTO's prospective business advantage.

69. By reason of the foregoing, PROSPECT AUTO has been injured in an amount to be determined at trial but believed to be in excess of $1,000,000.00 plus interest.

WHEREFORE, Plaintiff demands judgment against the defendant as follows:

a. Judgment awarding Plaintiff a money judgment against Defendant in an amount not less than $1,000,000.00 plus interest on the first cause of action.

b. Judgment awarding Plaintiff a money judgment against Defendant in an amount not

less than $1,000,000.00 plus interest on the second cause of action.

c. Judgment awarding Plaintiff a money judgment against Defendant in an amount not less than $1,000,000.00 plus interest on the third cause of action.

d. The costs and disbursements of this action.

e. For such other, further and different relief as to this Court may seem just and proper.

Dated: June 12, 2024

The Law Offices of
Anthony J. Mamo Jr., PC
*Anthony J. Mamo, Jr., Esq*
*Attorney for Plaintiff*
47 Beekman Avenue, Suite 103
Sleepy Hollow, New York 10591
Office: (914) 631-5050
Fax: (914) 703-6466

To:
State Farm Mutual Automobile Insurance Company
c/o New York Department of Financial Services
1 Commerce Plaza
Albany, NY 12210

VERIFICATION

STATE OF NEW YORK

SS.:

COUNTY OF WESTCHESTER

Emilio Appollonio, being duly sworn, deposes and says:

I am a principle of PROSPECT AUTO SALES AND REPAIRS, INC., the Plaintiff in the action herein. I have read the annexed Complaint and know the contents therein to be true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

EMILIO APPOLLONIO

Sworn to before me this
11 day of June 2024

Notary Public

ANTHONY J. MAMO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02MA6014941
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES OCT 19, 26

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

PROSPECT AUTO SALES AND REPAIRS, INC.

Plaintiff's

-against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

Defendant.

SUMMONS AND COMPLAINT

THE LAW OFFICES OF ANTHONY J. MAMO, JR., P.C.
ATTORNEYS AT LAW
47 Beekman Avenue, Suite 103
Sleepy Hollow, NY 10591
(914) 631-5050
Fax: (914) 703-6466

Pursuant to 22 NYCRR 130-1.1a, the undersigned an attorney admitted to practice in the courts of the State of New York certifies that upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

______________________________

Anthony J. Mamo, Jr.

Dated:

Service of a copy of the within is hereby admitted.
Dated,

______________________________
Attorney(s) for

Please take notice

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of an Order with Notice of Entry
duly entered in the office of the clerk of the within named court on September 5, 2013.

☐ NOTICE OF SETTLEMENT

Dated;

Yours, etc.
THE LAW OFFICES
OF ANTHONY J. MAMO, JR., PC
47 BEEKMAN AVENUE, SUITE 103
SLEEPY HOLLOW, NEW YORK 10591
(914) 631-5050

Attorney(s) for Plaintiff